# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  2014-cv-795
_____

TRELLANY Y. DAVISS and SHARRON L. KEY,

    Plaintiffs,

v.

SCHOOL DISTRICT NUMBER 1, in the CITY AND COUNTY OF DENVER a/k/a DENVER PUBLIC SCHOOLS,

    Defendant.
_____

## COMPLAINT
_____

Come now the Plaintiffs, Trellany Daviss and Sharron Key, by and through their counsel, McNamara Roseman & Kazmierski LLP, and for their Complaint against the above-named Defendant, alleges as follows:

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.  This action is authorized and instituted pursuant to 29 U.S.C. §621 *et seq.* and 42 U.S.C. 2000(e) *et seq*.

2.    The acts complained of herein were committed, or had their principal effect, within the District of Colorado, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## PARTIES

1. Plaintiff Sharron L. Key ("Key") is a citizen of the United States and a resident of the State of Colorado. Ms. Key is over forty years of age.

2. Plaintiff Trellany Y. Daviss ("Daviss") is a citizen of the United States and a resident of the State of Colorado. Ms. Daviss is African-American, and is over forty years of age.

3. Defendant Denver County School District No. 1, also known as Denver Public Schools ("DPS" or the "District), is a school district organized pursuant to the laws of the State of Colorado, and operating within the City and County of Denver.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff Sharron Key timely filed a Charge of Discrimination based on age, Charge No. 541-2010-02028, with the Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue regarding her charge from the U.S. Department of Justice on December 17, 2013. Plaintiff Key's Complaint is timely filed in accordance with the Notice.

5. Plaintiff Trellany Daviss timely filed a Charge of Discrimination based on age and race, Charge No. 541-2010-00230, with the Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue regarding her charge from the U.S. Department of Justice on December 17, 2013. Plaintiff Daviss's Complaint is timely filed in accordance with the Notice.

## FACTUAL ALLEGATIONS

6. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated herein.

7. DPS is responsible for the primary and secondary education of children in the City and County of Denver, among other functions.

8. In order to perform these functions, DPS employs thousands of teachers and other employees at numerous schools throughout the County, as well as a variety of other locations. At all times material herein, DPS is an employer within the meaning of that term under Federal Law.

9. Ms. Key was first hired by DPS in 1997. She was initially employed by DPS as a Fund Accountant in the General Accounting Department. In 1999, Key was promoted to the position of Auditor III in the Auditing Department.

10. Ms. Daviss was first hired by DPS in 1992 as a Bookkeeper. In 1999 Ms. Davis was promoted to the position of Accounting Technician. In 2001, Ms. Daviss was again promoted, this time to Auditor I in the Accounting Department.

11. From 1999 through mid-2010, the Auditing Department consisted of three employees, including both Ms. Key and Ms. Daviss, and a supervisor. Neither Daviss nor Key were licensed Certified Public Accountants ("CPAs"). The Auditing positions did not require employees to be CPAs throughout this period.

12. In 2007, Craig Ramsey was hired as the new Auditing Supervisor. Mr. Ramsey is Caucasian and younger than both Key and Daviss.

13. There was an open position in the Department at the time of Mr. Ramsey's hire, and he hired Corina Wagner, who is Caucasian and substantially younger than both Ms. Daviss and Ms. Key.

14. Although the District indicated in its position statement to the EEOC that Ms. Wagner was a licensed CPA at the time of her hire, Colorado state records indicate Ms. Wagner was not licensed until the fall of 2009, some two years after she was hired.

15. Following Ms. Wagner's hire, Mr. Ramsey began to single out Ms. Wagner for special treatment. Ms. Daviss and Ms. Key were denied educational and career education opportunities provided to Ms. Wagner. Moreover, although Ms. Key's listed job duties included reviewing Ms. Wagner's work, Mr. Ramsey did not permit Ms. Key to review Ms. Wagner's work. Wagner also received more favorable treatment with respect to annual leave. Both Key and Daviss specifically complained to Wagner concerning perceived discrimination affecting the two of them.

16. As long as Key and Daviss had been in the Department, their primary responsibility was the auditing of School Activity Funds. In 2010, DPS, at Ramsey's behest, decided to undertake an internal reorganization, and move the auditing of School Activity Funds from the Auditing Department to the General Accounting Department.

17. Accordingly, Ramsey decided to reduce two positions in the Auditing Department. Although the Department's functions had been performed by Auditors without CPAs for decades, Ramsey determined that the criteria for remaining employed by the Department was to include a CPA license. This determination was conveniently made less than six months after the significantly younger Wagner had been licensed as a CPA.

18. Thus, Ramsey selected Key and Daviss for layoff in May of 2010, to be effective June 30, 2010.

19. However, the work being performed by Daviss and Key did not end, rather, their functions were assumed by the General Accounting Department, who hired the significantly

younger Keith Murphy to assume these School Activity Fund audits, along with existing members of the Department. Moreover, upon information and belief, the Auditing Department hired a significantly younger employee within weeks of Daviss and Key's layoff, and, since 2010, has hired two non-CPAs into the Auditing Department, both of whom are younger than Daviss and Key.

20. Ramsey made a variety of discriminatory statements concerning older workers to Key and others, including that "soon old people will not be able to work because a computer can do everything."

21. Plaintiffs have suffered damages as a result of DPS's actions, including lost salary and benefits and emotional distress.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF – DAVISS AND KEY
(Age Discrimination and Hostile Work Environment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*)

22. Plaintiffs repeat and reallege all pervious paragraphs of this Complaint as though fully incorporated herein.

23. Plaintiffs are over the age of 40, and thus members of a protected class under the ADEA.

24. Defendant maintained and condoned a hostile work environment on the basis of age that was pervasive and severe.

25. Defendant maintained a workforce and environment that discriminated on the basis of age.

26. Plaintiffs were subjected to a pervasive and severe hostile work environment because of their age.

27. The hostile and discriminatory work environment to which Plaintiffs were subjected adversely affected the terms and conditions of their employment with Defendant.

28. Defendant's conduct in maintaining and condoning a hostile work environment on the basis of Plaintiffs' age was an unlawful employment practice in violation of Title VII.

29. The effect of Defendant's unlawful employment practice has been to deprive Plaintiffs of equal employment opportunities and otherwise adversely affect their status as an employee.

30. Defendant discharged Plaintiffs from their position with the District, despite her satisfactory performance.

31. Defendant replaced Plaintiffs with significantly younger employees.

32. Defendant's unlawful employment practice was intentional.

33. Defendant's conduct was willful and wanton, or was performed in reckless disregard for Plaintiffs' protected rights against discrimination under the ADEA.

34. As a direct result of Defendant's unlawful and intentional conduct, Plaintiffs have suffered both economic and non-economic losses and injuries. Plaintiffs pray for relief from their injuries and losses as more fully set forth below.

### SECOND CLAIM FOR RELIEF – DAVISS
(Race Discrimination and Hostile Work Environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq.)

35. Plaintiffs repeat and reallege all pervious paragraphs of this Complaint as though fully incorporated herein.

36. Plaintiff is a black African-American, and thus a member of a protected class under Title VII.

37. Defendant maintained and condoned a hostile work environment on the basis of race that was pervasive and severe.

38. Defendant maintained a workforce and environment that discriminated on the basis of race.

39. Plaintiff was subjected to a pervasive and severe hostile work environment because of her race.

40. The hostile and discriminatory work environment to which Plaintiff was subjected adversely affected the terms and conditions of her employment with Defendant.

41. Defendant's conduct in maintaining and condoning a hostile work environment on the basis of Plaintiff's race was an unlawful employment practice in violation of Title VII.

42. The effect of Defendant's unlawful employment practice has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

43. Defendant constructively discharged Plaintiff from her position with the District, despite her satisfactory performance.

44. Defendant replaced Plaintiff with a non-African-American employee.

45. Defendant's unlawful employment practice was intentional.

46. Defendant's conduct was willful and wanton, or was performed in reckless disregard for Plaintiff's protected rights against discrimination under Title VII.

47. As a direct result of Defendant's unlawful and intentional conduct, Plaintiff has suffered both economic and non-economic losses and injuries. Plaintiff prays for relief from her injuries and losses as more fully set forth below.

THIRD CLAIM FOR RELIEF – DAVISS AND KEY
(Retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*)

48. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated herein.

49. Plaintiffs engaged in protected activity by complaining of alleged age discrimination to their supervisor.

50. Plaintiffs suffered adverse employment actions by Defendant during the course of their employment, including but not limited to a hostile work environment and termination.

51. Defendant knew that Plaintiffs engaged in the above stated protected activities. The adverse actions taken by Defendant were a direct result of Plaintiffs' complaints of discrimination and hostile work environment.

52. Defendant's conduct was willful and wanton, or performed in reckless disregard for Plaintiffs' protected rights against retaliation under Title VII.

53. As a direct result of Defendant's unlawful and intentional conduct, Plaintiffs have suffered both economic and non-economic losses and injuries. Plaintiffs prays for relief from their injuries and losses, as more fully set forth below.

FOURTH CLAIM FOR RELIEF – DAVISS AND KEY
(Retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*)

54. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated herein.

55. Plaintiffs engaged in protected activity by complaining of alleged race discrimination to their supervisor.

56. Plaintiffs suffered adverse employment actions by Defendant during the course of their employment, including but not limited to a hostile work environment and termination.

57.     Defendant knew that Plaintiffs engaged in the above stated protected activities. The adverse actions taken by Defendant were a direct result of Plaintiffs' complaints of discrimination and hostile work environment.

58.     Defendant's conduct was willful and wanton, or performed in reckless disregard for Plaintiffs' protected rights against retaliation under Title VII.

59.     As a direct result of Defendant's unlawful and intentional conduct, Plaintiffs have suffered both economic and non-economic losses and injuries. Plaintiffs prays for relief from their injuries and losses, as more fully set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs TRELLANY DAVIS and SHARON KEY respectfully prays for an order of this honorable Court entering judgment in their favor against Defendant, and that it order the following relief:

A.     Declare that the acts and practices complained of herein were in violation of federal laws, and constituted intentional and/or willful conduct by Defendants;

B.     Enjoin and permanently restrain these violations;

C.     Direct Defendant to take affirmative steps as are necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiffs' employment opportunities;

D.     Award Plaintiffs actual economic damages in an amount to be determined at trial to compensate them for any lost wages, benefits, and lost employment opportunities;

E.     Award Plaintiffs compensatory damages including, but not limited to, those for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

F.  Award Plaintiffs punitive and/or liquidated damages, as allowed by law, and to be determined at trial;

G.  Retain jurisdiction of this matter to ensure full compliance with the orders of this Court;

H.  Award Plaintiffs reasonable attorneys' fees and costs of this litigation;

I.  Award Plaintiffs pre-judgment and post-judgment interest as the highest lawful rate;

J.  Award Plaintiffs the costs of this action, together with reasonable expert witness fees, as provided by law; and

K.  Grant such other and further relief as this Court deems necessary, proper, and just.

**PLAINTIFFS REQUEST A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 17th day of March, 2014.

        McNAMARA ROSEMAN
        & KAZMIERSKI LLP


        s/Mathew S. Shechter, Esq._____
        Todd J. McNamara, Esq.
        Mathew S. Shechter, Esq.
        1640 East 18th Avenue
        Denver, Colorado 80218
        (303) 333-8700
        Fax: (303) 331-6967
        Email:  tjm@18thavelaw.com
           mss@18thavelaw.com

*Plaintiffs' Address*:
Trellany Daviss
2221 Dawson Circle
Aurora, CO 80011

Sharron Key
9310 W. 52nd Avenue
Arvada, CO 80002