**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-0795-CMA-KMT

---

TRELLANY DAVISS and SHARRON KEY,

    Plaintiffs,

v.

SCHOOL DISTRICT NUMBER 1, in the CITY AND COUNTY OF DENVER
a/k/a DENVER PUBLIC SCHOOLS,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**
**CONCERNING CONFIDENTIAL INFORMATION**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.  As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former Denver Public

Schools ("DPS") employees and may include without limitation, personnel records and personal information related to the Plaintiffs (e.g., financial and medical records). *See, e.g.,* section 24–72–204(3)(a)(II)(A), C.R.S. (concerning disclosure of personnel records); and sections 19–1–304(1)(a) and (b.5), C.R.S. (concerning disclosure of juvenile delinquency records and arrest and criminal records information). Neither party shall designate as confidential documents which are public record, nor is either party permitted to designate as confidential documents which do not implicate the interests sought to be protected herein. Wholesale designation of all documents as confidential is not permitted. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a)   attorneys actively working on this case;

   (b)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c)   the parties, including the Plaintiffs and designated representatives for the entity defendant;

   (d)   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e)   the Court and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g) deponents, witnesses, or potential witnesses;

  (h) other persons by written agreement of the parties; and

  (i) the jury (juries) in this case.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. CONFIDENTIAL documents, materials, and/or information will not be copied or retained by any person other than the parties' counsel, subject to ¶ 11 below. If any CONFIDENTIAL materials are provided to the persons listed in ¶ 4(c), (d), (g) or (h) above, at the close of litigation such persons will either return the Confidential information to counsel who provided it or will provide written notification that the confidential material has been destroyed.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and conspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the

provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be treated as CONFIDENTIAL under the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order unless otherwise deemed CONFIDENTIAL as a matter of law. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Any and All Confidential Information produced by any party in this litigation shall, upon the conclusion of the litigation, including any appeals, be either returned to the party producing

such information, or destroyed by respective counsel in accordance with their document retention policies.

11.     If CONFIDENTIAL materials are filed with the Court, the parties shall seek leave to file such materials under seal pursuant to Local Rule 7.2, or with appropriate redactions made.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 10th day of June, 2015.

_____
KATHLEEN M. TAFOYA
UNITED STATES MAGISTRATE JUDGE

STIPULATED TO AND APPROVED AS TO FORM this 8th day of June, 2015.

| *s/ Todd J. McNamara* | */s/ Mary B. Gray* |
|---|---|
| Todd J. McNamara | M. Brent Case |
| Mathew S. Shechter | Holly Ortiz |
| McNamara, Roseman & Kazmierski, LLP | Mary B. Gray |
| 1640 East Eighteenth Avenue | Semple, Farrington & Everall, P.C. |
| Denver, Colorado 80218 | 1120 Lincoln Street, Suite 1308 |
| 303-333-8700 – Telephone | Denver, CO 80203 |
| 303-331-6967 – Facsimile | Telephone: (303) 595-0941 |
| tjm@18thavelaw.com | Fax: (303) 861-9608 |
| mss@18thavelaw.com | hortiz@semplelaw.com |
|  | bcase@semplelaw.com |
| ATTORNEYS FOR PLAINTIFFS | skim@semplelaw.com |
|  | ATTORNEYS FOR DEFENDANT |

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2015, I served a true and correct copy of the foregoing via CM/ECF, E-mail, U.S. Mail, postage prepaid, or other proper and lawful service addressed as follows:

M. Brent Case
Holly Ortiz
Mary Gray
Semple, Farrington & Everall, P.C.
1120 Lincoln Street, Suite 1308
Denver, CO 80203
Telephone: (303) 595-0941
Fax: (303) 861-9608
hortiz@semplelaw.com
bcase@semplelaw.com

ATTORNEYS FOR DEFENDANT

_____/s Mathew S. Shechter_____

**EXHIBIT A**
**AFFIDAVIT**

STATE OF COLORADO    )
                     )ss
COUNTY OF            )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Daviss & Key v. School District No. 1 in the County of Denver and State of Colorado, et al,*. Civil Action No. 2014-cv-795-CMA-KMT, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
            (Signature)
_____
            (Print or Type Name)
Address:
_____
_____

*SUBSCRIBED AND SWORN* to before me this _____ day of _____, 2015, by_____.

WITNESS my hand and official seal.

_____
Notary Public

My commission expires:_____