IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–00795–CMA–KMT

TRELLANY Y. DAVISS, and
SHARRON L. KEY,

      Plaintiffs,

v.

SCHOOL DISTRICT NUMBER 1, in the CITY AND COUNTY OF DENVER a/k/a DENVER
PUBLIC SCHOOLS,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant School District Number 1's ("the District")

"Motion to Dismiss Amended Complaint" (Doc. No. 23 [Mot.], filed September 18, 2014).

Plaintiffs filed their response on October 9, 2014 (Doc. No. 28 [Resp.]), and Defendant filed its

reply on October 27, 2015 (Doc. No. 29 [Reply]).

### STATEMENT OF CASE

In their Amended Complaint, the Plaintiffs state they are both over forty years of age.

(See Doc. No. 20 [Am. Comp.] at 2.)  Plaintiff Key is a Caucasian female; Daviss is an African

American female.  (*Id.*)  The District is a public school district that employs "thousands of

teachers and other employees at numerous schools throughout the County as well as a variety of

other locations."  (*Id.*, ¶¶ 3, 8.)  Plaintiff Key was hired by the District in 1997 as a Fund

Accountant in the General Accounting Department.  (*Id.*, ¶ 9.)  In 1999 she was promoted to the

position of Auditor III in the Auditing Department (the "Department").  (*Id.*)  Plaintiff Daviss

was hired by the District in 1992 as a Bookkeeper.  (*Id.*, ¶ 10.)  In 1999 she was promoted to the

position of Accounting Technician, and in 2001 she was promoted to an Auditor I position in the

Department.  (*Id.*) Neither plaintiff was a Certified Public Accountant ("CPA").  (Id., ¶ 11.)

The Department consisted of the two plaintiffs and their supervisor.  (*Id.*)  Craig Ramsey,

a Caucasian male who was younger than the plaintiffs, was hired as the Auditing Supervisor in

2007.  (*Id.*, ¶ 12.)  He supervised the plaintiffs from 2007 until mid-2010.  (*Id.*)  There was a

position in the Department open at the time of Ramsey's hire, and he hired Corina Wagner, a

Caucasian female who is younger than the plaintiffs.  (*Id.*, ¶ 13. )  Ms. Wagner was not a licensed

CPA when she was hired, but she obtained her CPA license in the fall of 2009.  (*Id.*, ¶ 14.)

Plaintiffs allege Mr. Ramsey began singling out Ms. Wagner for special treatment.  (*Id.*, ¶

15.)  Plaintiffs allege they were denied educational and career education opportunities provided

to Wagner.  (*Id.*)  Plaintiffs complained to Ms. Wagner "concerning perceived discrimination

affecting the two of them."  (*Id.*)  At some point, Mr. Ramsey made the statement "soon old

people will not be able to work because a computer can do everything."  (*Id.,* ¶ 21.)

Plaintiffs' primary responsibility in the Department was auditing the School Activity

Funds.  (*Id.,* ¶ 16. )  In 2010, at Mr. Ramsey's behest, the District undertook an internal

reorganization of the Department and moved the auditing of School Activity Funds from the

Department to the General Accounting Department.  (*Id.*)  As a result, Mr. Ramsey decided to

reduce two positions in the Department.  (*Id.*, ¶ 17.)  Mr. Ramsey also determined that having a

CPA license would be among the criteria for remaining employed by the Department.  (*Id.*)  This

decision was made less than six months after Ms. Wagner obtained her CPA license.  (*Id.*)

2

Because neither plaintiff had CPA licenses, Mr. Ramsey selected them for "layoff" effective June 30, 2010. (*Id.* ¶ 18.) The work that had been performed by Plaintiffs was assumed by the General Accounting Department, which hired Keith Murphy, who was younger than Plaintiffs. (*Id.*, ¶ 19.) Since 2010, the Department has hired three "younger" employees, two of whom do not have CPA licenses. (*Id.*)

Both Plaintiffs assert a claim for age discrimination/hostile work environment in violation of the Age Discrimination in Employment Act ("ADEA"). (*See id.*, 22-34.) Plaintiff Daviss asserts a claim for race discrimination/hostile work environment. (*See id.*, ¶¶ 35-47.) Plaintiff Key asserts claims for retaliation under the ADEA and Title VII.[1] (*See id.*, ¶¶ 48-56.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint

---

[1] The titles of Third Claim and Fourth Claims for state that the retaliation claims are asserted by both plaintiffs. (*See id.* at 8.) However, in its motion, Defendant states that only Defendant Key asserts these claims. (*See* Mot. at 1.) In their response to the motion, Plaintiffs confirm that "[i]n the Amended Complaint, [Plaintiff] Daviss does not bring claims for retaliation." (Resp. at 11 n.2.)

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 679–81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

### 1.   First Claim for Relief

#### A.   Age-Based Discrimination

Defendant argues that Plaintiffs' age-based discrimination claim must be dismissed. (Mot. at 4-6.)  Specifically, Defendant argues the plaintiffs fail to allege facts sufficient to make a *prima facie* case for age-based discrimination.  (*See id.* at 4-5.)  The cases cited by Defendant in support of this contention, *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273 (10th Cir. 2010); *Sanchez v. Denver Public Schools*, 164 F.3d 527 (10th Cir. 1998), address the plaintiffs' burden to establish a *prima facie* case in response to a summary judgment motion.  These cases do not impose a heightened pleading standard upon a plaintiff alleging employment discrimination.  Instead, as the United States Supreme Court has explained, the *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); is an evidentiary standard rather than a pleading requirement.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

In *Swierkiewicz*, the Supreme Court held that the petitioner's complaint easily satisfied the requirements of Fed. R. Civ. P. 8(a)(2) because it gave the respondent fair notice of the bases for the claims.  *Swierkiewicz*, 534 U.S. at 514.  In finding the complaint adequate, the Court observed that it included the statutory grounds for the claim, "events leading to [the complainant's] termination . . . , relevant dates, and . . . ages and nationalities of at least some of the relevant persons involved with [the] termination."  *Id.*

The elements of a *prima facie* discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.' " *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).[2]  *See also Khalik v.*

*United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("the elements of each alleged cause of

action help to determine whether [a] plaintiff has set forth a plausible claim.") (citing

*Swierkiewicz*, 534 U.S. at 515.  To state a *prima facie* claim for age discrimination, the plaintiffs

must allege that they: (1) are over 40 years old and, therefore, a member of the ADEA's

protected class;[3] (2) suffered an adverse employment action; (3) were qualified for the position

at issue; and (4) were treated less favorably than others not in the protected class.  *Jones*, 617

F.3d at 1279 (citing *Sanchez*, 164 F.3d at 531).  In addition, the plaintiff must show that "age

was the 'but-for' cause of the challenged employer decision."  *Gross v. FBL Fin. Servs., Inc.*,

557 U.S. 167, 177 (2009).

There is no dispute that Plaintiffs are members of a protected class, nor is there any

dispute that they were terminated from their employment.  Rather, Defendants argue Plaintiffs do

not plead facts showing they were qualified for the position at issue.  (Mot. at 5.)  "[A] plaintiff

who cannot meet objective hiring or promotion criteria cannot establish a *prima facie* case of

discrimination, and the employer is entitled to judgment as a matter of law."  *Cortez v. Wal-Mart*

*Stores, Inc.*, 460 F.3d 1268, 1274 (10th Cir. 2006) (citing *York v. AT & T*, 95 F.3d 948, 954 (10th

Cir.1996); *Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1006 n.8 (10th Cir.1996)).  However, "a

plaintiff's failure to meet subjective hiring or promotion criteria is not automatically fatal to the

---

[2]  In *Twombly*, the Supreme Court reaffirmed the holding of *Swierkiewicz*.  *See Twombly*, 550
U.S. at 569–70 (discussing *Swierkiewicz*'s holding that a plaintiff is not required to establish a
*prima facie* case of discrimination to survive a Rule 12(b)(6) motion and emphasizing that
*Swierkiewicz* remains good law.)

[3] *See* 29 U.S.C. § 631(a) (stating that the provisions of the ADEA "shall be limited to individuals
who are at least years of age").

plaintiff's *prima facie* case." *Cortez*, 460 F.3d at 1274.  "In order to show [she] is qualified for the position sought, the plaintiff need only establish that [she] does not suffer from an absolute or relative lack of qualifications." *Id.* (citation omitted).  "The plaintiff can make such a showing by presenting credible evidence that [she] possesses the objective qualifications necessary to perform the job at issue." *Id.* (citation omitted).  *See also*, *MacDonald v. E. Wy. Mental Health Ctr.*, 941 F.2d 1115, 1121 (10th Cir.1991) (a plaintiff may establish *prima facie* case of discriminatory termination by "credible evidence that she continued to possess the objective qualifications she held when she was hired, . . . or by her own testimony that her work was satisfactory, even when disputed by her employer, . . . or by evidence that she had held her position for a significant period of time"), *abrogated on other grounds by Randle v. City of Aurora*, 69 F.3d 441 (10th Cir. 1995).

Here, Plaintiffs allege they had been employed as auditors with the District for many years.  (*See* Am. Compl., ¶¶ 9, 10.)  They allege they were able to do their jobs for their entire time in the Department, without being licensed CPAs.  (*Id.*, ¶¶ 11, 16.)  The court finds that Plaintiffs have made allegations sufficient, at the pleading state, to show they were qualified for their positions.

Defendant also argues that Plaintiff has failed to plead facts showing their age was the cause or the but-for cause of their termination.  (Mot. at 6.)  "To establish a disparate-treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) (citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 653  (2008)) (citation omitted).  In this Circuit, while Plaintiff need not allege that her age was the sole motivating

factor for her termination, she must allege that "age was the factor that made a difference" in causing the adverse action. *Jones*, 617 F.3d at1277–78 ("an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as age was the factor that made a difference").  In their Amended Complaint, Plaintiffs allege the District hired "significantly younger" employees to perform the duties they previously performed, that they were discriminated against on the basis of their age, and that they were terminated from their positions.  (Am. Compl., ¶ 19, 25, 29.)  The court finds, though Plaintiffs' allegations are somewhat conclusory, that Plaintiffs have alleged facts sufficient to show age was a but-for cause in their termination. *See Adenowo v. Denver Pub. Sch.*, No. 14-cv-02723-RM-MEH, 2015 WL 4511924, at *4 (D. Colo. June 17, 2015) (finding *prima facie* argument for but-for causation proving an ADEA claim need not be met at the pleading stage).

Defendant's motion to dismiss Plaintiffs' First Claim for age discrimination in violation of the ADEA properly is denied.

### B.  *Age-Based Hostile Work Environment*

The Tenth Circuit has acknowledged that age-based hostile work environment claims may be cognizable under the ADEA. *MacKenzie v. City and Cnty. of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005).  However, to state a claim for relief on this basis, the plaintiffs must allege facts to show that they were subjected to a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.*  Their factual allegations must be sufficient to show that they were subjected to a work environment that was both subjectively and objectively hostile and that the environment altered the conditions of his

employment. *MacKenzie*, 414 F.3d at 1280 (citations omitted). Furthermore, the factual allegations must support a contention that "the harassment stemmed from age-related animus." *Lebow v. Meredith Corp.*, 484 F.Supp.2d 1202, 1218 (D. Kan. 2007) (citing *Holmes v. Regents of the Univ. of Colo.*, No. 98-1172, 1999 WL 285826, at \*7 (10th Cir. May 7, 1999).

Here, Plaintiffs allege that the District, during the three years Mr. Ramsey was their supervisor, "denied them educational and career education opportunities," "did not permit Ms. Key to review Ms. Wagner's work," treated Ms. Wagner "more favorably with respect to annual leave," and stated that "soon old people will not be able to work because a computer can do everything." (Am. Compl., ¶¶ 15, 20.)

The court finds these allegations fall well short of the "steady barrage of opprobrious [age-based] comments" necessary to show a pervasively hostile work environment. *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007); see *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir.2005) (holding two racially offensive remarks "fall far short of the 'steady barrage' required for a hostile environment claim"); *see also Peterson v. Scott County*, 406 F.3d 515, 524 (8th Cir. 2005) (fact that supervisor made regular references to "old ladies," once did not allow the plaintiff to participate in a training session because it was "too hard to train old ladies," and once commented that she "didn't have the right parts" to fill in shifts were isolated incidents which did not reach an actionable level of harassment); *Russell v. Board of Trustees*, 243 F.3d 336, 343 (7th Cir. 2001) (supervisor's demeaning habit of calling employee "grandma" was not actionable level of harassment); *Crawford v. Medina General Hosp.*, 96 F.3d 830, 836 (6th Cir. 1996) (supervisor's comments that she did not "think women over 55 should be

working" and that "[o]ld people should be seen and not heard" did not create hostile work environment).

Plaintiffs' age-based hostile work environment claim properly is dismissed.

**2.    Second Claim for Relief**

**A.    Race-Based Discrimination**

Defendant moves to dismiss Plaintiff Daviss's claim for race-based discrimination.  (Mot. at 9-10.)

To state a claim for race discrimination under Title VII, a plaintiff must plead facts to show not only (1) that she is a member of a protected class, but (2) that she suffered an adverse employment action, and (3) that similarly situated employees were treated more favorably. *Carney v. City and Cnty. of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008); *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005).

Having carefully reviewed the Amended Complaint, and presuming all of Plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the court finds that Plaintiff Daviss has set forth sufficient factual allegations to state a claim for race discrimination under Title VII.  Specifically, Plaintiff Daviss has alleged that she is an African–American, that she was qualified to perform her job, that she had a satisfactory work record, that she was terminated, and that she was replaced by a non-African-American individual, and that defendants treated her differently and less favorably than her non-African American co-workers on the basis of her race.. (*See* Second Amended Complaint at ¶¶ 15, 35-47.)

Accordingly, Defendant's motion to dismiss Plaintiff Daviss's race discrimination claim should be denied.

**B.      Race-Based Hostile Work Environment**

The requirements for a Title VII hostile work environment claim are the same as the requirements for an ADEA hostile work environment claim.  A plaintiff must show that " the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *MacKenzie*, 414 F.3d at 1280 (internal quotation omitted).  "A plaintiff cannot . . . demonstrat[e] a few isolated incidents of racial enmity or sporadic racial slurs."  *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005).  "Instead, there must be a steady barrage of opprobrious racial comments." *Id.*

Here, Plaintiff Daviss has utterly failed to allege any facts that show she was under a "steady barrage of opprobrious racial comments" required to state a hostile work environment claim. *See Chavez*, 397 F.3d at 832.  Rather, the Amended Complaint is devoid of any allegation that *any* opprobrious racial comment was made.  Because Plaintiff alleges no facts to support her contention that she was subjected to a racially hostile work environment, Defendant's motion to dismiss Plaintiff Daviss's race-based hostile work environment claim properly is granted.

**3.      Third and Fourth Claims for Relief**

**A.      Failure to Exhaust Administrative Remedies**

Defendant moves to dismiss Plaintiff Key's retaliation claims for failure to exhaust her administrative remedies.  (*See* Mot. at 11-13.)  Specifically, Defendant argues that Plaintiff's EEOC Charge contains an insufficient amount of substantive discussion of her allegations of retaliation.  (*See id.* at 12.)

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie*, 414 F.3d at 1274.  The Court "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Jones v. United Parcel Serv., Inc.*, 502 F.3d at 1186.  "This more lenient pleading standard contemplates the fact that administrative charges of unlawful employment practices are regularly filled out by employees who do not have the benefit of counsel." *Mitchell v. City and Cnty. of Denver*, 112 F. App'x 662, 667 (10th Cir. 2005).  "[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Jones*, 502 F.3d at 1186.

Here, Plaintiff checked the box marked "RETALIATION" on the EEOC Charge.  (*See* Mot., Ex. A at 1.)  Plaintiff also alleged in the Charge that she "had complained about [her] Department Head, yet Respondent chose to retain a younger female with less relevant work experience."  (*Id.*)  The court finds, liberally construing the allegations in the EEOC Charge, that Plaintiff Key provided adequate facts to reasonably put the defendant on notice of the possible theory of retaliation in his Amended Complaint.

Defendant's motion to dismiss Plaintiff Key's retaliation claims for failure to exhaust properly is denied.

### B.     Failure to State a Retaliation Claim

To sustain a claim for retaliation, a plaintiff must show "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the

protected activity and the materially adverse action." *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir.2008) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir.2006)).

Defendant argues Plaintiff Key has failed to state a retaliation claim because she failed to plead facts demonstrating that her alleged protected activity is causally connected to any adverse employment action. (Mot. at 13-14.) The court agrees. In her Amended Complaint, Plaintiffs claim that Ms. Wagner was a coworker who Plaintiff believed was receiving "special treatment" by their supervisor, Mr. Ramsey. (*See* Am. Compl., ¶¶ 12, 13, 15.) Plaintiff Key alleges she "specifically complained to [Ms.] Wagner" about the "perceived discrimination." (*Id.*, ¶ 15.) The court is disinclined to find that a complaint to Plaintiff Key's co-worker qualifies as protected opposition, which requires that an employee convey to her employer her concern that the employer has engaged in unlawful discrimination. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187 (10th Cir. 2008.). However, even if Plaintiff's Key's complaint to her coworker constituted a protected complaint of discrimination, there is no evidence that Mr. Ramsey, Plaintiff's supervisor, was aware of the complaint when he terminated her employment. Thus, Plaintiff has failed to state that her alleged protected activity is causally connected to her eventual termination.

As such, Defendant's motion to dismiss Plaintiff Key's retaliation claims properly is granted.

## CONCLUSION

Based on the foregoing, this court respectfully

**RECOMMENDS** that the "Motion to Dismiss Amended Complaint" (Doc. No. 23) be **GRANTED** in part and **DENIED** in part as follows:

1.      Defendant's motion to dismiss Plaintiff's First Claim for Relief for age discrimination in violation of the ADEA should be denied; Defendant's motion to dismiss Plaintiff's First Claim for Relief for age-based hostile work environment should be granted;

2.      Defendant's motion to dismiss Plaintiff's Second Claim for Relief for race-based discrimination should be denied; Defendant's motion to dismiss Plaintiff's Second Claim for Relief for race-based hostile work environment should be granted; and

3.      Defendant's motion to dismiss Plaintiff's Third and Fourth Claims for Relief should be granted for failure to state a claim upon which relief can be granted.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    Dated this 25th day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge